CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 21 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SIERRAS DESHAWN COBB, ) | |
|     Petitioner, ) | Civil Action No. 7:08-cv-00312 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WARDEN TERRY O'BRIEN, ) | By: Hon. James C. Turk |
|     Respondent. ) | Senior United States District Judge |

Sierras Deshawn Cobb, a federal prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Cobb claims that he should receive credit for the state prison sentence he served before serving his federal prison sentence. Cobb requests that the court compel the Bureau of Prisons to grant him 968 days of credit for time served in state custody. Respondent filed a motion to dismiss, to which Cobb responded, making the matter ripe for the court's disposition. After reviewing the record, the court grants the respondent's motion to dismiss.

I.

Cobb is incarcerated at the United States Penitentiary in Lee County, Virginia, serving a 110-month sentence for possessing a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 942(a)(2). The United States District Court for the Middle District of North Carolina imposed the sentence on March 19, 2001. (USA Mem. Supp. Ex. 1 at 1-3.) Cobb's expected release date is November 28, 2011, after applying good-time credits. Id. at 3.

North Carolina law enforcement arrested Cobb on April 8, 2000, for possession of marijuana and a firearm with an obliterated serial number. (Pet. Mem. 2.) On April 9, 2000, Cobb posted bond and was released. Id. On July 3, 2000, North Carolina officials arrested Cobb for larceny but released him on bond on July 6, 2000. (USA Mem. Supp. Ex. 1 at 1.) After being released, Cobb committed various assault offenses: assault with a deadly weapon with

intent to kill, assault with a deadly weapon inflicting serious injury, and discharging a firearm into an occupied property. Id. at 2. On August 7, 2000, North Carolina officials arrested Cobb for these assaults. Id.

A grand jury in the Middle District of North Carolina subsequently indicted Cobb for possessing a firearm after a felony conviction and possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(b). Id. at 1, 2. On November 9, 2000, Cobb was temporarily removed from state physical custody for prosecution in federal court via a writ of habeas corpus ad prosequendum. Id. at 2. On March 19, 2001, the District Court for the Middle District of North Carolina entered judgment against Cobb and ordered him to serve a 110-month sentence, without making any reference to a state sentence. Id. at 2. Cobb was returned to state physical custody after his sentencing hearing. Id. at 2.

On April 9, 2001, a North Carolina state court sentenced Cobb to serve 30 to 45 months incarceration for his state assault convictions. Id. at 2. Cobb remained in state custody to serve his state sentence until he was paroled into the custody of the United States Marshals Service on August 1, 2003, the date he began to serve his federal sentence. Id. at 2.

North Carolina credited Cobb's state sentence for the time he spent in custody from August 7, 2000, the date of arrest for the various assaults, through April 17, 2001, the date he began serving his state prison sentence. Id. at 1. The Federal Bureau of Prisons (BOP) awarded Cobb six days of credit for the time he spent in custody on April 8 and 9, 2000, and between July 3 and 6, 2000, because North Carolina later dismissed the charges on which these periods of incarceration were based.

Cobb administratively requested that the BOP make a designation nunc pro tunc for the state correctional facility where Cobb served his state sentence. In response, the BOP solicited,

2

but did not receive, an opinion from the federal sentencing court regarding Cobb's request for retroactive designation nunc pro tunc. Id. at 3. The BOP ultimately determined that Cobb's request was not appropriate because of the nature of the federal and state offenses, his "very poor" institutional adjustment, and the federal sentencing court's lack of a response. Id.

In his instant petition, Cobb claims that he is entitled to a credit of 968 days of time served in custody toward his federal sentence. Cobb requests that the court order the BOP to apply the 968-day credit to his sentence.

II.

Cobb cannot receive credit for times he was in federal physical custody for his federal hearings while he was still in the state's primary custody. A prisoner in state custody is produced in federal court for federal prosecution pursuant to a federal writ of habeas corpus ad prosequendum. Under such a writ, the state retains primary custody over the prisoner and the prisoner is merely "loaned" to federal authorities. Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992). Federal primary custody commences only when state authorities relinquish the prisoner on satisfaction of the state obligation or when the BOP makes a nunc pro tunc designation. United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998). Cobb appeared in federal court pursuant to a writ of habeas corpus ad prosequendum while he was still in state custody and before his federal sentencing or any nunc pro tunc designation. Therefore, Cobb was not in federal custody during these appearances, and he is not entitled to any credit toward his federal sentence for any time he served under these writs.

According to 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." The federal sentencing court could not have ordered the federal sentence to run concurrently to a state sentence because the state sentence did not exist at the time of his federal sentencing. As

3

Cobb recognizes, "the District Court could not Order [Cobb]'s [s]entence to [run] concurrently with his State sentence because the State had yet sentenced [Cobb] and the Court could have only speculated about the amount of time that he would have received by the State." (Pet. Mem. 3.) Furthermore, the Fourth Circuit stated that § 3584(a) "does not permit the court to decide whether any future sentence would be consecutive or concurrent to [the sentence imposed]." United States v. Smith, 472 F.3d 222, 226 (4th Cir. 2006); see Romandine v. United States, 206 F.3d 731, 738 (7th Cir. 2000) ("[T]he final sentence of § 3584(a) makes the federal sentence presumptively consecutive in all unprovided-for cases, and the effective decision then is made by the Attorney General (or the state judge) rather than the federal judge."). Therefore, Cobb's federal sentence must be served consecutively to his state sentence, and Cobb's federal term of imprisonment began on August 1, 2003, when the BOP had him in custody after North Carolina paroled him. See 18 U.S.C. § 3585(a) (federal sentence begins when federal agents have custody of convict).

The BOP may designate nunc pro tunc a state detention facility to be the place where an inmate serves his federal sentence if a federal court orders its sentence to run concurrently with a previously imposed state sentence. 18 U.S.C. § 3621(b); Evans, 159 F.3d at 911-12. In that case, a federal defendant may receive federal sentencing credit for time served in state prison after a nunc pro tunc designation. Evans, 159 at 911-12. However, the federal sentencing court did not order Cobb's federal sentence to be served concurrently with any state sentence. Therefore, the BOP could not designate nunc pro tunc his state correctional facility as the place he would serve his federal sentence.

Nevertheless, Cobb subsequently requested that the BOP designate nunc pro tunc his state correctional facility as the place where he would serve his federal sentence. To adjudicate Cobb's request, the BOP considered several factors, namely the circumstances of Cobb's

4

convictions, his criminal history, and his institutional adjustment. See 18 U.S.C. § 3621(b) (listing factors to be considered). The BOP noted that the federal court sentenced Cobb for felon in possession of a firearm and the state court sentenced Cobb as a habitual felon for the various assault charges. The BOP also recognized that Cobb's institutional adjustment was "very poor" based on his institutional infractions and extensive criminal history. (USA Mem. Supp. Ex. 1, Att. G.) Although the BOP requested it, the sentencing court did not provide its opinion on Cobb's request for a nunc pro tunc designation. After reviewing the relevant factors, the BOP declined Cobb's request for a designation nunc pro tunc.

The court concludes that the BOP did not abuse its discretion by rejecting Cobb's nunc pro tunc designation request because the BOP exercised its own independent judgment after properly weighing the § 3621(b) factors. Accordingly, Cobb is not entitled to the additional 968-days credit, and the court dismisses Cobb's petition.

III.

For the foregoing reasons, the court grants the respondent's motion to dismiss and dismisses Cobb's petition for a writ of habeas corpus.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 21st day of January, 2009.

*/s/ James C. Turk*
Senior United States District Judge